IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARRIN WALKER,                          CASE NO. 2:05-cv-449
                                        CRIM. NO. 2:02-cr-035
      Petitioner,

    v.                                  JUDGE GRAHAM
                                        MAGISTRATE JUDGE ABEL

UNITED STATES OF AMERICA,

      Respondent.


## ORDER and
## REPORT AND RECOMMENDATION

Petitioner has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§2255.  This matter is before the Court on its own motion to consider the sufficiency of the petition

under Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, the

Magistrate Judge **RECOMMENDS** that petitioner's claims C, D, and E be **DISMISSED**.

Respondent shall file its answer to petitioner's claims A and B pursuant to Rule 5(a) of the

Rules Governing Section 2255 Proceedings in the United States District Courts within twenty (20)

days of the date of this order.  Petitioner may reply within fifteen (15) days thereafter.

## I.  FACTS AND PROCEDURAL HISTORY

On March 14, 2002, petitioner was charged with attempt to possess with intent to distribute

more than five hundred grams of cocaine, and possession with attempt to distribute more than fifty

grams of cocaine base, in violation of 21 U.S.C. §846, §841(a)(1), (b)(1)(B)(ii), (b)(1)(A)(ii).  Doc.

#7.  While represented by counsel petitioner proceeded to jury trial, and on September 26, 2002, was

found guilty as charged.  Doc. #38.  On January 24, 2003, petitioner was sentenced to an aggregate

term of 360 months incarceration plus five years supervised release. Doc. #46. Petitioner filed a timely appeal of his convictions and sentence. He asserted the following claims:

> 1. [W]hether the district court properly denied Walker's motion to suppress evidence obtained during an allegedly illegal search of his home; 2. Whether any reversible error occurred during Walker's trial and whether the jury's verdict was supported by the evidence; and 3. Whether the district court properly sentenced Walker.

*See United States v. Walker,* No. 03-3233 (6th Cir. Feb. 5, 2004), Doc. #61. On February 5, 2004, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *Id.* On March 2, 2004, the mandate issued. Doc. #62.

On May 9, 2005, petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. He asserts the following claims:

> A. Whether petitioner's Sixth Amendment right to confrontation was violated when the United States willfully caused Perry Jemison to be unavailable for trial and Agent Carroll testified to statements made against petitioner?
>
> B. Was trial counsel ineffective when his cross-examination of Agent Carroll violated petitioner's Sixth Amendment right to confrontation by eliciting damaging evidence against petitioner?
>
> C. Whether Section 4B1.1 of the United States Sentencing Guidelines unconstitutional when [sic] petitioner's sentence [was] enhanced based on uncharged facts that were neither found by a jury beyond a reasonable doubt nor admitted by petitioner?
>
> D. Whether the calculation of petitioner's criminal history category unconstitutional when [sic] petitioner's sentence [was] increased based on uncharged fats that were neither found by a jury beyond a reasonable doubt nor admitted by the petitioner?
>
> E. Whether the application that governs *In re Winship* decision applied in *Blakely* and *Booker* inapplicable [sic] under *Teague's* non-retroactivity rule?

In claims C, D, and E, petitioner asserts that he was improperly sentenced. This claim was

2

already considered, and rejected, on direct appeal:

> We... conclude that the district court properly sentenced Walker. The court properly determined that Walker was a career offender because he was at least eighteen years old at the time of the instant offense, the instant offense is a felony that involves a controlled substance, and Walker has at least two prior felony convictions for controlled substance offenses. *See* USSG §4B1.1; *United States v. Harris*, 165 F.3d 1062, 1067 (6th Cir. 1999). The court also properly determined Walker's guidelines sentencing range. Walker's total offense level was 37, his Criminal History Category score was VI, and the resulting guideline range was 360 months to life. Thus, his sentence of 360 months was within the applicable guidelines range.
>
> The district court's decision not to grant a downward departure is not reviewable because the district court was aware of its authority to depart downward, *see United States v. Henderson*, 209 F.3d 614, 617-18 (6th Cir. 2000), but concluded that the circumstances of this case did not warrant a departure.

*United States v. Walker, supra,* Doc. #61. This Court therefore will not again consider such allegations here. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999), citing *Oliver v. United States,* 90 F.3d 177, 180 (6th Cir. 1996), and *Davis v. United States*, 417 U.S. 333, 345 (6th Cir. 1974). Further, to the extent that petitioner asserts that his sentence violates the United States Supreme Court's recent decisions in *United States v. Booker*, 125 S.Ct. 738 (2005), and *Blakely v. Washington,* 124 S.Ct. 2531 (2004), *Booker* and *Blakely* are not retroactively applicable to cases on collateral review, and thus do not provide petitioner the relief he seeks. *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005).

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that claims C, D, and E, be **DISMISSED.**

Respondent shall file its answer to petitioner's claims A and B pursuant to Rule 5(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts within twenty (20)

days of the date of this order. Petitioner may reply within fifteen (15) days thereafter.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                        s/Mark R. Abel
                                        United States Magistrate Judge

4